UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FELICIA JANICE WEATHERALL,

      Plaintiff,

  v.          Case No. 20-CV-863

PANERA BREAD,

      Defendants.

# ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

  Plaintiff Felicia Weatherall has filed this lawsuit against her former employer, defendant Panera Bread, alleging various types of discrimination. Currently pending before the court is her Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.)

  Having reviewed Weatherall's request, the court concludes that she lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Weatherall's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

However, because the court is granting Weatherall's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915. Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be

weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the

3

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint. Weatherall alleges termination of employment, failure to accommodate her disability, unequal terms and conditions of employment, and retaliation against her former employer, Panera Bread in Mequon, Wisconsin. (ECF No. 1 at 1, 4.) She alleges that she was discriminated against on the basis of her race, color, gender/sex, religion, and age. (*Id.*) However, she has brought this action pursuant to only Title VII of the Civil Rights Act of 1964 and not the Age Discrimination in Employment Act of 1967 or the Americans with Disabilities Act of 1990. (*Id.* at 3.)

Weatherall explains that her supervisor Ms. Russart did not treat her properly and that she was fired because of her sex and race. (ECF No. 1-1 at 1.) She alleges Ms. Russart did not listen to her complaints, gave her write ups, did not allow her to transfer locations,

and generally had a bad attitude towards her and other black employees. (*Id.* at 2-6.) She also alleges that another employee called her a derogatory name. (*Id.* at 7.) Finally, she alleges that another manager repeatedly assigned her to clean the bathrooms even though doing so made her sick and even caused her to go to the hospital. (*Id.* at 8-9.) Generally, she states, "I don't feel they cared about me as a black female." (*Id.* at 9.)

Before filing a lawsuit under Title VII, a plaintiff generally must have first filed a timely charge with the Equal Employment Opportunities Commission (EEOC) and received a right to sue letter. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). After receiving a notice of right to sue letter, a plaintiff then has ninety days to file suit in federal court. 42 U.S.C. § 2000e-5(f)(1).

Although "dismissing an action as untimely at the pleading stage is unusual, [the Court of Appeals for the Seventh Circuit] [has] held that a district court may so proceed under Rule 12(b)(6) if the plaintiff pleads herself out of court by making allegations that conclusively establish the action's untimeliness." *Grzanecki v. Bravo Cucina Italiana*, 408 Fed. Appx. 993, 996 (7th Cir. 2011) (citing *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)). And the Seventh Circuit "see[s] no reason to treat dismissing under § 1915(e)(2)(B) any differently." *Id.* But the statute of limitations is an affirmative defense, Fed. R. Civ. P. 8(c), and "plaintiffs need not anticipate and attempt to plead around all potential defenses. Complaints need not

contain *any* information about defenses and may not be dismissed for that omission." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

Weatherall alleges the discriminatory acts occurred from November 29, 2019 through February 20, 2019. (ECF No. 1 at 4.) She did not attach her right to sue letter to her complaint but alleges that she received it on October 25, 2019. (*Id.* at 5.) This means she had until January 23, 2020 to file her federal court complaint, but this action was not filed until June 8, 2020 (ECF No. 1).

Weatherall appears to have "plead[ed] herself out of court," and the petition appears to be untimely filed. However, the doctrine of equitable tolling may be able to save Weatherall. "A litigant is entitled to equitable tolling if '[s]he shows (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing.'" *Lee v. Cook County, Ill.*, 635 F.3d 969, 972 (7th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted)). *See also Neal v. Keystone Steel & Wire*, No. 06-1289, 2007 WL 2680946, at *7 (C.D. Ill. Aug. 24, 2007) ("Equitable tolling of the 90-day period of limitation on the filing of an employment discrimination suit under Title VII [']is reserved for situations in which the claimant has either (1) made a good faith error (e.g., brought the suit in the wrong court); or (2) has been prevented from filing in some extraordinary way from filing his complaint in time.'") (quoting *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001)).

Therefore, the court will allow Weatherall to amend her complaint to add any allegations that may show she is entitled to equitable tolling.

**IT IS THEREFORE ORDERED** that Weatherall's Request to Proceed in District Court without Prepaying the Filing Fee, (ECF No. 2), is **granted**.

**IT IS FURTHER ORDERED** that Weatherall submit an amended complaint with the court no later than **July 30, 2020**, adding any allegations that show she is entitled to equitable tolling. **If Weatherall fails to file an amended complaint by July 30, 2020, the court will recommend that this action be dismissed.**

Dated at Milwaukee, Wisconsin this 30th day of June, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge