# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FELICIA JANICE WEATHERALL,

                    Plaintiff,

v.

PANERA BREAD,

                    Defendant.

Case No. 20-CV-863-JPS

**ORDER**

On June 8, 2020, Plaintiff Felicia Janice Weatherall filed a *pro se* complaint alleging various forms of employment discrimination by Defendant Panera Bread. (Docket #1). Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Docket #2). The case was randomly assigned to Magistrate Judge William E. Duffin. On June 30, 2020, Magistrate Judge Duffin granted Plaintiff's motion to proceed without prepayment of the filing fee, but reserved making any recommendation as to whether the complaint stated a cognizable claim. (Docket #6 at 7).

Magistrate Judge Duffin instead indicated that Plaintiff may have pleaded herself out of court by alleging facts that showed she filed her complaint after the applicable statute of limitations had run. (*Id.* at 6). Although Plaintiff alleged that she received a right to sue letter from the EEOC on October 25, 2019, which is a prerequisite to filing an employment discrimination complaint in federal court, she failed to attach this letter with her initial complaint. (*Id.* at 7). If, in fact, Plaintiff received the aforementioned letter on October 25, her deadline to file a federal complaint would have been January 23, 2020. (*Id.*); *see also* 42 U.S.C. § 2000e-5(f)(1). In light of this information, Magistrate Judge Duffin gave Plaintiff until July

30, 2020 to file an amended complaint alleging facts that would show she was entitled to equitable tolling of the applicable statute of limitations. (Docket #6 at 6–7). He also warned Plaintiff that he would recommend dismissal of this action if she failed to timely address the deficiencies in her complaint. (*Id.* at 7).

Plaintiff made no such filing before the deadline set by Magistrate Judge Duffin. On August 3, 2020—after the deadline to file an amended complaint expired—Plaintiff informed the Court that her address had changed, and the Court subsequently sent a copy of the June 30 order to her new address. (Docket #7 at 2). However, after presumably receiving the order at her new address, Plaintiff did not submit an amended complaint. On September 4, 2020, Magistrate Judge Duffin issued a Report and Recommendation ("R&R") to this branch of the Court, ultimately recommending that Plaintiff's action be dismissed. (*Id.*). Magistrate Judge Duffin recommended dismissal because (1) Plaintiff's complaint, appearing untimely, failed to allege any plausible reason to toll the statute of limitations and (2) Plaintiff failed to avail herself of the opportunity to demonstrate why her complaint was still timely. (*Id.*).

Pursuant to General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Civil Procedure 72(b), Magistrate Judge Duffin advised the parties that they must submit written objections to his recommendation, or any part thereof, within fourteen days of the date of service of the R&R. (*Id.*). The R&R was mailed to Plaintiff on September 8, 2020. (Docket #7). On September 21, 2020, Plaintiff filed a document she characterized as her "amended complaint." (Docket #8 at 1).

Under Federal Rules of Civil Procedure 5(b)(2)(C) (service is completed upon mailing) and 6(d) (when service is by mail, three additional

days are added to the filing deadline), Plaintiff had until September 25, 2020 to file written objections to the R&R. Her filing therefore appears timely. Despite Plaintiff's characterization of her filing as an "amended complaint," in light of her status as a *pro se* litigant, the Court will construe her filing as an objection to Magistrate Judge Duffin's R&R. *See, e.g., Castro v. Atchison*, No. 13-CV-00303-JPG-PMF, 2015 WL 7177013 (S.D. Ill. Nov. 16, 2015) (construing *pro se* party's response to a motion for summary judgment as an objection to magistrate's recommendation). The Court has considered both Plaintiff's most recent filing and Magistrate Judge Duffin's recommendation, and will adopt Magistrate Judge Duffin's recommendation of dismissal for the reasons stated below.

The Court must review *de novo* any portion of a magistrate's recommendation to which the plaintiff timely and properly objects, and may accept, reject, or modify any part of the recommendation. Fed. R. Civ. P. 72(b)(3). To trigger *de novo* review, the plaintiff must object to specific portions of the magistrate's report and recommendation. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 740–41 (7th Cir. 1999) (citing Advisory Committee's 1983 notes to Fed. R. Civ. P. 72(b)). A sufficiently specific objection is one that identifies the issues for which *de novo* review is sought, even if the plaintiff does not articulate the exact factual or legal basis for the objection. *Id.* (holding that the plaintiff's objections, although they merely recited the elements of the magistrate's conclusions, were sufficiently specific to trigger *de novo* review, because the district court was nonetheless able to deduce the issues on which the plaintiff sought review). When the plaintiff makes no specific objections to the magistrate's recommendation, the court will review the recommendation for clear error. *Id.* at 739; *Kanter v. Comm'r of Internal Revenue*, 590 F.3d 410, 417 (7th Cir. 2009).

In her amended complaint, Plaintiff fails to make objections that are specific enough to trigger *de novo* review, so the Court will apply a clear error standard to the magistrate's findings and recommendation of dismissal. Magistrate Judge Duffin's primary concern—both in his initial order and in his R&R—was not the sufficiency of her pleading itself, but whether Plaintiff had pleaded herself out of court on timeliness grounds. (Docket #7 at 2; Docket #6 at 6–7). In the R&R, Magistrate Judge Duffin found that, even after the court allowed her additional time to do so, Plaintiff provided no compelling explanations as to why the statute of limitations should be equitably tolled or why her complaint was otherwise timely. (Docket #7 at 2). Plaintiff's September 21 filing largely addresses the sufficiency of her complaint by re-alleging some of the facts in her original complaint and providing additional details about her experiences working for Defendant. *See generally* (Docket #8). Plaintiff's filing notes that she may have "miss[ed] information . . . due to [her] depression . . . or due to [the] address changing ordeal." (*Id.* at 4–5). Aside from this statement, Plaintiff's filing does not allege any further facts related to timeliness.

Plaintiff's statement does not appear to be a specific objection to Magistrate Judge Duffin's finding that no circumstances compel the Court to equitably toll the statute of limitations for Plaintiff's original, and apparently time-barred, complaint. Rather, the Court reads this statement as Plaintiff's attempt to account for missing the July 30, 2020 deadline to file her amended complaint. Plaintiff makes no specific objection to the recommendation that her complaint and the action be dismissed. Without Plaintiff raising a specific objection to the magistrate's finding or

Page 4 of 8
Case 2:20-cv-00863-JPS   Filed 11/17/20   Page 4 of 8   Document 9

recommendation, the Court cannot engage in *de novo* review.[1] Reviewing Magistrate Judge Duffin's finding under a clear error standard, the Court sees no indication the magistrate made a mistake.

The Court would reach the same conclusion even if it were to apply *de novo* review to Magistrate Judge Duffin's finding that Plaintiff has not met the legal standard for equitable tolling of the statute of limitations. "A litigant is entitled to equitable tolling if '[s]he shows (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing.'" *Lee v. Cook County, Ill.*, 635 F.3d 969, 972 (7th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted)). See also *Neal v. Keystone Steel & Wire*, No. 06-1289, 2007 WL 2680946, at *7 (C.D. Ill. Aug. 24, 2007) ("Equitable tolling of the 90-day period of limitation on the filing of an employment discrimination suit under Title VII [']is reserved for situations in which the claimant has either (1) made a good faith error (e.g., brought the suit in the wrong court); or (2) has been prevented from filing in some extraordinary way from filing his complaint in time.'") (quoting *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001)). Plaintiff appears to reference her anxiety and depression as an explanation for why she did not timely file an amended complaint—but not to explain her failure to timely file in the first instance. Plaintiff provides no other details that show she

---

[1] Even under the threadbare *Johnson* standard, whereby a party makes a sufficiently specific objection to trigger *de novo* review by merely pointing to which of the magistrate's conclusions she objects, Plaintiff comes up short. Despite prompting from Magistrate Judge Duffin, Plaintiff did not explicitly or impliedly object to his finding that the complaint appears untimely and no circumstances warrant equitable tolling. The Court will not read this specific objection into her filing for her.

Page 5 of 8
Case 2:20-cv-00863-JPS   Filed 11/17/20   Page 5 of 8   Document 9

diligently pursued her rights, nor made a good faith error, nor otherwise experienced the kind of extraordinary circumstances that would permit the Court to equitably toll the statute of limitations.[2] Thus, the Court will not do so in this case.

The Court will adopt Magistrate Judge Duffin's recommendation that the action be dismissed, and will further dismiss the action with prejudice. Although "dismissing an action as untimely at the pleading stage is unusual, [the Court of Appeals for the Seventh Circuit] [has] held that a district court may so proceed . . . if the plaintiff pleads herself out of court by making allegations that conclusively establish the action's untimeliness." *Grzanecki v. Bravo Cucina Italiana*, 408 Fed. Appx. 993, 996 (7th Cir. 2011) (citing *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009)). Plaintiffs are not required to anticipate and plead around all possible defenses, such as the statute of limitations, that turn on facts not available to the Court at the pleading stage. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004); *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016).

However, defense-based dismissal is appropriate when a plaintiff's pleading "admits all the ingredients of an impenetrable defense." *Covington v. Mitsubishi Motor Mfg. of Am., Inc.*, 154 F. App'x 523, 524 (7th Cir. 2005)

---

[2] The September 21 filing does not include her EEOC right to sue letter, which Plaintiff was made aware she needed to submit. This letter would have provided an additional basis on which the Court could consider the timeliness of the complaint. Moreover, the right to sue letter is a necessary component of an employment discrimination complaint. *See Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019).

(quoting *Xechem*, 372 F.3d at 901.)³ Further, when re-pleading cannot save a litigant's claim, the Court may dismiss the complaint with prejudice. *Grzanecki*, 408 Fed. Appx. at 995–96 (affirming district court's dismissal with prejudice, pursuant to screening, of employment discrimination action after litigant failed to add allegations to support equitable tolling when given the chance to amend her complaint); *see also Lopez v. Hotel Grand Sheraton*, No. 19 C 2700, 2019 WL 4934695, at *1 (N.D. Ill. Oct. 7, 2019).

Here Plaintiff has provided no evidence that her complaint is timely or that there is an appropriate reason for the Court to toll the state of limitations. Her pleading admits all the ingredients of a statute of limitations defense. When given the chance to re-plead, she did not articulate any facts that might defeat such a defense and save her complaint. The Court, therefore, will dismiss this action with prejudice on untimeliness grounds, without reaching the issue of the sufficiency of her complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff Felicia Janice Weatherall's objections to Magistrate Judge William E. Duffin's report and recommendation (Docket #8) be and the same are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Magistrate Judge William E. Duffin's report and recommendation (Docket #7) be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

---

³A pleading that provides the Court some basis to equitably toll the statute of limitations might defeat such a defense-based dismissal at the screening stage. *See, e.g., Reed v. PF of Milwaukee Midtown*, No. 19-CV-1609, 2020 WL 5748208, at n.2 (E.D. Wis. Sept. 25, 2020), *appeal docketed*, No. 20-3057 (7th Cir. 2020).

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of November, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge